**FILED**

1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney

APR 0 1 2009

2
3   BRIAN STRETCH (CSBN 163973)
    Chief, Criminal Division

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4   CYNTHIA M. FREY (DCBN 475889)
    Assistant United States Attorney
5     450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102
6     Telephone: (415) 436-7200
      Facsimile: (415) 436-7234
7     cynthia.frey@usdoj.gov

8   Attorneys for Plaintiff

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                     SAN FRANCISCO DIVISION
12

13
                                          )  CR No. 08-0853 PJH
14  UNITED STATES OF AMERICA,             )
                                          )  STIPULATION AND
15         Plaintiff,                     )  [PROPOSED] INTERIM PROTECTIVE
                                          )  ORDER
16         v.                             )
                                          )
17  JAMES WILLIAM TEMPLE,                 )
                                          )
18         Defendant.                     )
                                          )
19  _____ )

20
          Plaintiff, United States of America, by and through Joseph P. Russoniello, United States
21
    Attorney for the Northern District of California, and Cynthia Frey, Assistant United States
22
    Attorney for the Northern District of California, and the defendant, James William Temple, and
23
    his attorney, Geoffrey Hansen, hereby stipulate and agree as follows:
24
          WHEREAS the defendant is charged in a one count Indictment charging a violation of
25
    Title 18, United States Code, section 2252(a)(1) and including a forfeiture allegation pursuant to
26
    Title 18, United States Code, sections 2253(a)(1) and (a)(3). In connection with this Indictment,
27
    the United States is in possession of computer media, materials, and property that it alleges
28
    constitute and/or contain images and/or videos of child pornography.

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER, 08-0853 PJH          1

1    WHEREAS pursuant to Title 18, United States Code, section 3509(m), notwithstanding

2  Fed. R. Crim. P. 16, courts are required to deny defense requests to copy, photograph, duplicate,

3  or otherwise reproduce any property or material constituting child pornography if the United

4  States makes the property or material reasonably available to the defendant and provides ample

5  opportunity for the defense to examine it at a government facility.  18 U.S.C. § 3509(m).

6    WHEREAS in order to comply with Title 18, United States Code, section 3509(m), and

7  to allow the defendant the greatest opportunity to prepare an effective defense in preparation for

8  trial in this matter, the United States and defendant agree that disclosure of the alleged

9  contraband materials on the seized computer media are subject to the following restrictions:

10

11    IT IS HEREBY STIPULATED AND AGREED:

12

13  1.    The provisions of this Interim Protective Order apply to computer media, materials, and

14  property that the United States alleges constitute and/or contain images and/or videos of child

15  pornography ("alleged contraband materials").  Without conceding that each image and/or video

16  within the alleged contraband materials constitutes child pornography, the defendant agrees that

17  the provisions of this Interim Protective Order apply to the alleged contraband materials.  In the

18  event of a dispute as to whether a specific image and/or video constitutes child pornography, the

19  defendant agrees that the provisions of this Interim Protective Order apply unless and until the

20  counsel for the United States agrees in writing that a specific image and/or video is not child

21  pornography or the Court enters an Order to that effect.

22  2.    The following individuals (the "defense team") may obtain and examine the alleged

23  contraband materials under the conditions set forth herein for the sole purpose of preparing the

24  defense and for no other purpose:

25        a.    Counsel for defendant;

26        b.    Persons employed by defense counsel who are assisting with the preparation of

27            the defense;

28        c.    Defendant, but only in the presence of his/her attorney;

1          d.      Any expert retained on behalf of the defendant to assist in the defense of this

2                  matter;

3          e.      Any investigator retained on behalf of defendants to assist in the defense of this

4                  matter.

5    3.      The United States shall make one forensic copy of all seized computer media ("defense

6  hard drive") for the defense team. The defense hard drive will be configured in a format

7  requested by the defense team, provided that the tools required to configure the hard drive in the

8  requested format are known to and available to the United States. The defense hard drive shall

9  be made available in a private room at the offices of the United States Attorney, 450 Golden Gate

10  Avenue, San Francisco, CA, 94102, or any other location agreed upon by the parties (the

11  "examination room"). The defense hard drive shall remain in the examination room at all times

12  and shall not removed from the examination room by any member of the defense team. The

13  defense team will have access to the examination room during business hours, or on any other

14  practicable terms that can be agreed upon by the parties, and will be escorted to and from the

15  room by an counsel for the United States or a person designated on his/her behalf. While the

16  defense team is reviewing the defense hard drive, no agents of the United States will be permitted

17  inside the examination room, except in the event of a building emergency that requires

18  immediate access to the examination room.

19  4.      The examination room will have land-line phone access and a computer workstation that

20  meets the minimum system requirements for the defense team to view the alleged contraband

21  materials and/or install software for forensic analysis of the defense hard drive. The computer

22  workstation provided by the United States shall not be connected to the Internet or to any other

23  computer network. The defense team will be permitted to bring into the examination room

24  whatever hardware, software, books, or records it believes necessary to conduct the examination,

25  including a computer on which it may conduct a forensic analysis of the defense hard drive.

26  Any computer brought in by the defense team and used to conduct an examination of the defense

27  hard drive shall not be connected to the Internet or to any other computer network. The defense

28  team will also be permitted to bring in and use a computer that provides internet access at its own

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER, 08-0853 PJH          3

1   expense, provided that any computer used to provide access to the internet is not connected to the
2   computer used to examine the defense hard drive. The defense team will be permitted to leave
3   the computer work station provided by the United States and /or its own computer processing the
4   defense hard drive in its absence. While a computer used by the defense team is processing the
5   defense hard drive in the absence of the defense team, no agents of the United States will be
6   permitted inside the examination room, except in the event of a building emergency that requires
7   immediate access to the examination room. At the conclusion of defense team's use of the
8   examination room, the workstation provided by the United States will be re-imaged. Neither the
9   United States nor its agents will review the defense team's configurations on the workstation at
10  any time.

11  5.      If agreeable to all parties and practicable, a copy of the defense hard drive may be stored
12  in a locked or restricted location designated by the United States for subsequent examination by
13  the defense team, so that the United States will not have to reimage the defense hard drive for
14  each examination by the defense team. The integrity of this hard drive may be verified by the use
15  of a container sealed with tamper-evident evidence tape. When the defense team has advised
16  counsel for the United States that it has completed its examination of the defense hard drive, the
17  United States will re-image the hard drive to remove all data from the hard drive. Neither the
18  United States nor its agents will review the defense team's configurations on the defense hard
19  drive at any time.

20  6.      The defense team shall not make copies of and shall not remove any images or videos
21  from the alleged contraband materials without further Court Order. This prohibition includes (1)
22  printing images and images from videos onto paper and (2) duplicating images and videos in any
23  digital format; (3) carrying images and videos off-site from the examination room; and (4)
24  sending images and videos off-site electronically. Non-image files such as word processing files,
25  emails, and other text files may be duplicated to the extent necessary to prepare the defense of
26  this matter but only after the person duplicating the material has confirmed that the file does not
27  contain any embedded image or video files. The defense team may remove printed notes and/or
28  reports provided that the person seeking to remove the notes and/or reports has confirmed that

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER, 08-0853 PJH                                  4

1    the notes and/or reports do not contain any embedded image or video files.

2    7.    Prior to receiving access to the materials on any occasion, the defense team members

3    involved in that examination shall sign a copy of this Certification to be filed with the Court

4    acknowledging that:

5        a.    S/he has reviewed the Order;

6        b.    S/he understands the contents;

7        c.    S/he will only access the defense hard drive for the purposes of preparing a

8              defense;

9        d.    S/he will not access the defense hard drive from any computer that is connected to

10             the Internet or any local network;

11       e.    S/he will not remove the defense hard drive or any alleged contraband materials

12             from the examination room; and

13       f.    S/he understands that failure to abide by this Order may result in sanctions by this

14             Court and in state or federal criminal charges for possession, transportation,

15             receipt, or distribution of child pornography.

16   8.    Upon conclusion of any examination, the defense team members involved in that

17   examination will certify in writing, to be filed with the Court, that s/he has not copied and has not

18   removed the defense hard drive and/or any alleged contraband materials from the examination

19   room. Except when a member of the defense team involved in that examination fails to provide

20   this certification, no employee of the United States will examine or acquire in any fashion any of

21   the items used by the defense team to conduct its analysis. If a member of the defense team fails

22   to certify that s/he has not copied and has not removed any alleged contraband materials, the

23   United States may inspect or examine the defense hard drive and any computer and computer

24   media used by the defense team to ensure that contraband has not been removed.

25   9.    In the event that the defense team inadvertently removes any alleged contraband

26   materials, it shall immediately inform counsel for the United States and return it to him/her

27   within 24 hours.

28

1  10.    This Stipulated Order is a negotiated procedure by the parties in this case. It does not

2  constitute a concession or waiver by the United States regarding discovery procedures generally

3  for providing access to child pornography under Title 18, United States Code, section 3509(m).

4  It also does not represent a stipulation by the Federal Public Defender conceding the

5  constitutionality of Title 18, United States Code, section 3509(m). This Stipulated Order will

6  permit the parties in the present case to avoid litigation regarding Title 18, United States Code,

7  section 3509(m) but does not represent a waiver or concession in other or future cases.

8  11.    A copy of this Stipulation and Interim Protective Order shall be maintained with the

9  alleged contraband materials at all times.

10  12.    Any disputes concerning this Stipulation and Interim Protective Order shall be resolved

11  by this Court only after counsel for the United States and defendant have first conferred and

12  attempted to resolve the dispute.

13

14  SO STIPULATED:

15                                                        JOSEPH P. RUSSONIELLO
                                                          United States Attorney
16

17  DATED: February 18 2009

18                                                        Assistant United States Attorney

19
    DATED: February 4 , 2009
20                                                        GEOFFREY HANSEN
                                                          Attorney for JAMES WILLIAM TEMPLE
21

22  DATED: April 1 , 2009

23                                                        JAMES WILLIAM TEMPLE

24
    SO ORDERED.
25

26

27  DATED:   4-1-09

28                                                        HONORABLE PHYLLIS J. HAMILTON
                                                          United States District Court Judge

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER, 08-0853 PJH

1
2
3
4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

5

6    UNITED STATES OF AMERICA,

7             Plaintiff,

8    v.

9    JAMES WILLIAM TEMPLE,

10            Defendant.

11

12

)
)
)
)
)
)
)
)
)
)
)
)

CR No. 08-0853 PJH

CERTIFICATION TO INTERIM PROTECTIVE
ORDER

13

14

15

16

17

18

The undersigned acknowledges that s/he has received a copy of the Interim Protective Order

in the matter of United States v. James William Temple, CR 08-0853 PJH, and has read,

understands, and agrees to the terms of the Stipulation and Interim Protective Order, and hereby

submits to the jurisdiction of the United States District Court for the Northern District of California

for the purposes of enforcement of the terms and punishment of any violations thereof.

19

20    Date: _____

21

22

[Name]
[Title]

23

24

25

Having completed an examination of the defense hard drive, I hereby certify that I have not

copied and have not removed the defense hard drive and/or any alleged contraband materials from

the examination room.

26

27

28

Date: _____

[Name]
[Title]

STIPULATION AND [PROPOSED] INTERIM PROTECTIVE ORDER, 08-0853 PJH                    7